*Dennys* for the plaintiff, *Seghers* for the defendant.

---

## BOYLE vs. DICKENSON & AL.

APPEAL from the court of the parish and city of New-Orleans.

MATTHEWS, J. delivered the opinion of the court. This suit is brought against the master and owners of the brig Arethusa, to recover from them a quantity of horns, as stated in the petition, or their value, &c.

The cause was submitted to a jury in the
court below, who found a verdict for the plain-
tiff for 350 dollars, the estimated value of the
property for which suit was commenced; and
being rendered for that amount the defendants
appealed.

The facts of the case are these. The brig
was advertised to go a voyage direct from the
port of New-Orleans to that of New-York;
and with an expectation that it would be thus
transported, the property in question was put
on board by the plaintiff consigned to his agent
or consignees at the latter port. The destina-
tion of the vessel was afterwards changed, and
she was laden for Providence; to which place
she sailed. Previous to her departure the
plaintiff required that his property should be
returned to him free of expence or charges;
which was not done on account of the difficul-
ty and expence of unloading the brig: but the
consignees in this port offered to pay to him a
price or value for the horns, such as might be
determined and fixed by disinterested apprai-
sers; to this proposal he refused to accede.
The vessel made the voyage to Providence,
returned to New-York, and then made a ten-

Eastern Dis't,
 *June,* 1827,

 BOYLE
 *vs.*
 DICKENSON &
 AL.
der of the plaintiff's property to his consignees, which they refused to receive, &c.

With regard to the questions of law which arise out of these facts; the right of the plaintiff to sue and recover as for damages on account of the violation of their contract by the carriers, is not denied by either party. The dispute is, as to the measure of damages, or extent of injury done to him, by those who undertook to carry his goods. It is contended on their part, that these ought to be ascertained by the effect which the change of voyage has actually had on the interests of the appellee by lessening the value of the property shipped. To this proposition we cannot assent. The change of destination in the voyage of the brig, annulled entirely the contract of affreightment, and the carriers were bound to return his goods to the shipper, and their neglect and refusal to do so, amounts to a conversion of them to their own use, and consequently they are answerable in damages at least, to the *full* value of the property. This has been ascertained by the verdict of the jury and ought not to be disturbed.

It is therefore ordered, adjudged and de-

creed, that the judgment of the parish court be affirmed with costs.

*Cuvillier* for the plaintiff, *Duncan* for the defendant.